# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4599 | DATE | 11/14/2002 |
| CASE TITLE | E & J Gallo Winery vs. Morand Bros., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to transfer this case to the Eastern District of California pursuant to 28 U.S.C. § 1404(a) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| E & J GALLO WINERY, ) <br> ) <br> Plaintiff/Counter Defendant, ) <br> ) <br> v. ) <br> ) <br> MORAND BROS. BEVERAGE CO., d/b/a ) <br> ROMANO BROS. BEVERAGE CO., an Illinois ) <br> corporation, CENTRAL WHOLESALE CO., INC., ) <br> an Illinois corporation, MUELLER ) <br> DISTRIBUTING CO., INC., an Illinois ) <br> corporation, and PARAMOUNT DISTRIBUTING ) <br> COMPANY, INC., an Illinois corporation, ) <br> ) <br> Defendants/Counter-Plaintiffs. ) | No. 02 C 4599 <br><br> Judge Amy J. St. Eve |

## MEMORANDUM OPINION AND ORDER

Plaintiff E&J Gallo Winery has moved to transfer this case to the Eastern District of California pursuant to 28 U.S.C. §1404(a). For the reasons set forth below, Plaintiff's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

E&J Winery ("E&J") is a California corporation with its principal place of business in Modesto, California. (R. 1-1, Compl. ¶ 3.) E&J produces and distributes wines, malt beverage coolers and similar flavored malt beverage products such as Bartles & Jaymes Wine Coolers. (*Id.*)

Defendants Morand Brothers Beverage Company, which does business as Romano Brothers Beverage Company ("Romano"), Central Wholesale Company ("Central"), Mueller

1



Distributing Company, Inc. ("Mueller") and Paramount Distributing Company, Inc. ("Paramount") are Illinois corporations with their principal places of business in Illinois. (R. 1-1, Compl. ¶ 4.) Each Defendant entered into various agreements with E&J, including a Malt Beverage Distributorship Agreement (the "Malt Agreements"). (*Id.* ¶ 8.) Each Malt Agreement, dated June 19, 1998, sets forth the terms under which Defendants would distribute certain of E&J's malt beverage products in Illinois. (*See id.*, Exs. A-D.)

The Malt Agreements provide that the Defendants shall "sell, distribute, promote, and merchandise" E&J products. (R. 1-1, Compl., Exs. A-D §1 ¶ C.) They further provide that the Defendants shall "Notify Winery in writing and fully of . . . any proposed, attempted or actual assignment of its rights under this Agreement; any proposed or actual change whatsoever in its ownership, control or management, including its Winery malt beverage manager . . . ." (*Id.*) In addition, the Malt Agreements explicitly state that "[n]either Distributor nor Winery may sell, assign, or transfer its rights under this agreement." (*Id.*, § 1 ¶ F.) Additionally, each Malt Agreement contains a forum selection clause providing that the parties must file lawsuits between them in a California court. (*Id.*, § VI ¶ A.)

The current dispute arose in late 2001 when Plaintiff and Defendants had discussions regarding the possible sale of Defendants' distributing businesses. Plaintiff alleges that Defendants had discussed a potential sale of their businesses with three competing distributors: Glazer, Merinoff and Southern. (R. 1-1, Compl. ¶ 17.) Plaintiff also asserts that it informed the Defendants that it would consider doing business with a new entity that was owned at least in part by Glazer or Merinoff, but that it would not do business with one that was even partially owned by Southern. (*Id.* ¶ 19.) Plaintiff further claims that it told the Defendants that if

Southern acquired an interest in them, Plaintiff would terminate the Malt Agreements and it would need to transition its malt beverage products to a new distributor of its choosing. (*Id.*)

On March 4, 2002, Southern issued a press release stating that it had entered into an agreement in principle with the Defendants for the sale and purchase of Defendants. (R. 1-1, Compl., Ex. F ¶ 25.) Plaintiff alleges that it subsequently was told that Southern's purchase of Defendants would close on June 14, 2002. (*Id.* ¶ 29.) Plaintiff and Defendants met on June 13, 2002 to discuss the transition of E&J's business to a new distributor. (*Id.* ¶ 30.) Plaintiff asserts that Defendants failed to execute a transition agreement or provide for an orderly transition in their agreement with Southern as previously promised. (*Id.*) On June 19, 2002, E&J issued a written notice to Defendants of termination of the Malt Agreements. (*Id.*, Ex. I.)

On June 27, 2002, Plaintiff filed this case in the Northern District of Illinois against Romano, Central, Mueller and Paramount. Later that same day, Plaintiff filed a similar action in the United States District Court for the Eastern District of California, *E&J Winery v. Morand Bros. Beverage Co., et al.*, No. CIVF-02-5776 (E.D. Cal.) (hereinafter the "California case"), naming the same parties as defendants.

In the proceeding before this Court, the Malt Agreements are the only contracts at issue. Plaintiff seeks a declaration under the Malt Agreements and the Illinois Beer Industry Fair Dealing Act, 815 ILCS 720/1, *et. seq.* (the "Beer Act") that E&J's termination of the Malt Agreements was proper and further seeks damages for Defendants' alleged breach of the Malt Agreements. At issue in the California Case are the wine distributorship agreements. There, Plaintiff seeks a declaratory judgment that it properly terminated its long-standing wine distributorship agreements with Defendants. Thus, while both this case and the California case

3

pertain to distributorship agreements between the same parties, each deals with different products and different distribution agreements.

On September 30, 2002, Defendants filed a counterclaim in this case alleging that Plaintiff violated the Beer Act and the Sherman Antitrust Act, engaged in tortious interference with prospective economic advantage and promissory fraud, and breached it contracts. The counterclaim alleges, in essence, that Plaintiff improperly terminated Defendants' distributorship agreements, inappropriately conditioned Defendants' distributorship agreements and failed to make sufficient support payments to Defendants. Plaintiff now seeks to transfer Defendants' counterclaim, as well as the entire case, to the Eastern District of California.

## ANALYSIS

### I. Legal Standards

Plaintiff has moved to transfer this case to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). "Section 1404(a) authorizes a district court to transfer a case in the interest of justice and for the convenience of the parties and witnesses." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34, 118 S.Ct. 956, 961, 140 L.Ed.2d 62 (1998). Under Section 1404(a), the Court may transfer a case if the moving party demonstrates the following: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995).

In analyzing the third prong of Section 1404(a), the Court must look to both private and public interests. *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill.

1998). The private interests include: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) convenience to the witnesses and parties. *Id.* Public interests include, among other things, the court's familiarity with applicable law. *Chukwu v. Air France*, 218 F. Supp. 2d 979, 989 (N.D. Ill. 2002). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Here, Plaintiff "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient" than the transferor court. *Id.* at 219-20.

Plaintiff argues that transfer will best serve the interests of justice and the convenience of the parties and witnesses. Plaintiff also claims that a transfer will prevent Defendant from gaining a tactical advantage through its counterclaim and will uphold the forum selection clause in the Malt Agreements. Defendants counter that transfer to California is not appropriate because: (1) their counterclaim was compulsory and does not provide a basis for transfer; (2) the forum selection clause does not mandate transfer; and (3) the interests of justice and the convenience of the parties and witnesses does not warrant transfer to California.

## II. The Counterclaim

The center of Plaintiff's argument is that Defendants' counterclaim exceeds the scope of the claims in the Illinois case and addresses issues raised solely in the California case. Plaintiff contends that Defendants have filed a "strategic Counterclaim" seeking "to change the focus of this case in order to bolster a § 1404(a) transfer motion filed by Romano in California to have that case transferred to this Court." (R. 11-2, Mem. in Supp. of Mot. to Transfer at 3.) Plaintiff

5

argues that Defendants' "effort to litigate the entire dispute in Illinois," including the issues in the California case, warrants a transfer of the counterclaim and the entire case to California.

Plaintiff initiated the Illinois case in the Northern District of Illinois. It is clear that Plaintiff cannot object to the venue of Defendants' counterclaim. As the Supreme Court has noted: "The setting up of a counterclaim against one already in a court of his own choosing is very different, in respect to venue, from hailing him into that court . . . . [O]ne who sues in a federal court . . . thereby submits himself to the jurisdiction of the court with respect to all the issues of the case, including those pertaining to a counterclaim . . . ." *General Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 435, 53 S.Ct. 202, 204, 77 L.Ed. 408 (1932); *see also RWM Kinetics Enter., Inc. v. Kinetic Concepts, Inc.*, No. 95 C 5376, 1996 WL 238753, at *2 (N.D. Ill. May 7, 1996) ("It is well established, however, that Plaintiffs cannot object to the venue of a counterclaim."). Accordingly, the Court will not transfer this case on the basis of the scope of the issues raised in Defendants' counterclaim.[1]

### III. Public Policy Interests

Plaintiff also argues that the California forum selection clause favors transferring this case to the Eastern District of California. Defendants counter that the Court should not enforce the forum selection clause because it would contravene the strong public policy promulgated by the Illinois legislature in the Beer Act to have suits under that Act litigated in Illinois.

It is clear that the Malt Agreements each contain a forum selection clause requiring that any cause of action arising between the parties be litigated in California. "[T]he presence of a

---

[1] The scope of Defendants' counterclaim is more appropriately addressed in a motion to strike or dismiss the counterclaim. Indeed, Plaintiff filed such a motion on October 31, 2002. (*See* R 10-1.)

forum selection clause . . . figure[s] centrally in the calculus." *Steward Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). The Court will not, however, give such a clause "dispositive consideration." *Id.* at 30, 108 S.Ct. at 2245. The Supreme Court has held that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972) (citing *Boyd v. Grand Trunk W.R. Co.*, 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949) (finding provision that limited the venue in which employee could bring suit under the Federal Employers' Liability Act to be void).

In this case, enforcement of the California forum selection clause here would contravene Illinois public policy. Plaintiff filed the instant action in Illinois based on the requirements of the Beer Act,[2] which has a specific venue provision requiring lawsuits relating to agreements governed by the Act to be filed in state or federal court in Illinois:

> If the brewer or wholesaler who is a party to an agreement pursuant to this Act fails to comply with this Act or otherwise engages in conduct prohibited under this Act, the affected party may maintain a civil suit in court if the cause of action directly relates to or stems from the relationship of the individual parties under the agreement, provided that any such suit shall be filed in a State or federal court of competent jurisdiction located in Illinois.

*See* 815 ILCS 720/9(1). The Illinois legislature further enacted the Beer Act "to promote the public's interest in fair, efficient and competitive distribution of malt beverage products by regulation and encouragement of brewer and wholesaler vendors to conduct their business relations toward these ends." 815 ILCS 720/2(A). It is clear that the Illinois Beer Act embodies

---

[2] The parties do not dispute that the dispute is governed by the Illinois Beer Act.

7

Illinois' strong public policy in favor of having these issues litigated within its borders. Allowing a privately contracted forum selection clause to supersede the Beer Act and its policies would frustrate the intention of the statute. The forum selection clause, therefore, is unenforceable under the Seventh Circuit's standards.[3]

Plaintiff's reliance on *Wilkinson Co. v. Krups N. Am. Inc.*, 48 F.Supp.2d 816 (N.D.Ill. 1999), is misplaced. In *Wilkinson*, the court upheld a forum selection clause and transferred the case to New Jersey. The court found that the public policy behind the Illinois Sales Representatives Act ("ISRA") did not preclude transfer of the case to New Jersey because the ISRA's public policy pertained to substantive protections, not venue selection. *Id.* at 819. In contrast, the Beer Act contains a specific venue selection clause evidencing the strong public policy in having such claims litigated in Illinois.

Plaintiff also asserts that the Beer Act only requires that a party *file* a lawsuit governed by the Beer Act in Illinois, rather than *litigate* it in Illinois. This argument is not compelling. The State's interest is in having these type of actions litigated within its borders. Plaintiff's hyper-technical reading of the statute would render the mandatory venue provision of the statute meaningless. Indeed, such an interpretation would lead to lawsuits filed in Illinois and then transferred elsewhere, which could hardly be what the legislature intended when it enacted the statute. The actual filing of complaints within Illinois is merely the step that begins the litigation

---

[3] Plaintiff argues that only a small percentage of Defendants' **total** business with Plaintiff is governed by the Malt Agreements, and "94% of the F.O.B. dollar value of [Defendants'] business relationship with [E&J] Winery was for products sold under the Wine Agreements." (Reply in Supp. Mot. to Transfer at 2). Plaintiff reasons that the case should therefore proceed before the court in California because the California case pertains to the wine agreements. This argument is not compelling.

8

here. The venue provision in the Illinois Beer Act and the public policy behind that Act trump any contractual agreement between the parties. Accordingly, the California forum selection clause is unenforceable in this case.

## IV. The Convenience of the Parties and Witnesses Would Not be Served By Transfer

In order to transfer a case under Section 1404(a), the moving party must prove that the transferee forum "is clearly more convenient." *Coffey*, 796 F.2d at 219. Plaintiff claims that Defendants are estopped from claiming inconvenience because of the forum selection clause. Further, Plaintiff maintains that California will be a more convenient forum because of the location of the documents, information, and party witnesses. Defendants, however, point out that a transfer to California would merely shift the inconvenience from Plaintiff to Defendants.

Plaintiff claims that Defendants cannot "end run around" a forum selection clause by claiming inconvenience. The Court, having already found the forum selection clause to be unenforceable, does not find this argument compelling. It is incumbent upon the Plaintiff, as movant, to show that California is clearly more convenient than this forum. It is not for the Defendant to show that California is inconvenient.

Plaintiff claims that California is more convenient than Illinois because its management is located in California, as are the key documents, information and party witnesses that relate to Romano's Counterclaim. (R. 11-2, Mem. in Supp. of Mot. to Transfer at 10.) Plaintiff's Rule 26(a)(1) disclosures, however, list many documents and some witnesses that are located in Illinois. Further, Plaintiff admits that it employs Illinois-based sales representatives. (*Id.*) Also, it does not appear that anyone besides the Plaintiff will find California to be a more convenient forum. At most, the inconvenience would simply shift from Plaintiff to Defendants. This is not

a compelling reason to allow a transfer. *See Ameritech Mobile Communications, Inc. v. Cellular Communications Corp.*, 664 F. Supp. 1175, 1182 (N.D. Ill. 1987) (forum should not be disturbed where transfer merely shifts rather than eliminates inconvenience to the parties). Moreover, even Plaintiff agrees with Defendants' statement that "the location of witnesses, relevant documents, and sources of proof are, *at best*, fairly evenly divided between Illinois and California." (Reply in Supp. of Mot. to Transfer at 11). Plaintiff cannot show that California is clearly more convenient.

## CONCLUSION

A venue transfer is not appropriate here. The forum selection clause in the Malt Distributorship Agreements is unenforceable because of Illinois' stated public policy to have the Beer Act litigation adjudicated here. Plaintiff has not made the requisite showing that the forum in California would be clearly more convenient. For these reasons, Plaintiff's Motion to Transfer the case to the Eastern District of California is denied.

Dated: November 14, 2002          ENTERED:

                                  _____
                                  AMY J. ST. EVE
                                  United States District Judge